IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ALVIE MERRILL § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-464 |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION § | |

## REPORT AND RECOMMENDATION

Before the Court is the converted Motion for Summary Judgment of Defendant, Federal National Mortgage Association (Fannie Mae). After careful consideration of the Motion and the current status of the record, this Court now submits a Report and Recommendation to the District Court.

On June 16, 2006, Plaintiff, Alvie Merrill, acting *pro se*, filed a lawsuit in the 239th District Court of Brazoria County, Texas, seeking specific performance of a contract to purchase a parcel of property in Brazoria County after submitting the highest bid at an auction conducted by, or for the benefit of, Fannie Mae. On July 14, 2006, Fannie Mae removed the case to this Court, filed its answer and counter-claim, and its Motion to Dismiss Merrill's complaint for failure to state a claim. On October 16, 2006, pursuant to an Order of this Court dated September 8, 2006, Merrill filed an Amended Complaint. At a Scheduling Conference on October 27, 2006, this Court, in an effort to afford Merrill an opportunity to submit evidence to show why his Complaint should not be dismissed, converted Fannie Mae's Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and ordered Merrill to file a response by November 27, 2006. To date, no response has been filed and Merrill

has made no request for an extension; Merrill has, however, submitted a letter which seems to indicate he no longer desires to prosecute his complaint. Since Merrill's current position is not completely clear, the Court will address the merits of Fannie Mae's Motion.

To avoid summary judgment, Merrill must adduce affirmative evidence of the existence of a genuine issue of material fact; however, despite the lack of a response, a summary judgment may not be granted by default. Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988) Rather, in such a situation the District Court may accept the non-movant's evidence as undisputed and then decide whether that undisputed evidence establishes a *prima facie* showing of entitlement to summary judgment. Vega v. Parsley, 700 F.Supp 879, 881 (W.D. Tex. 1988) A complete failure of proof of an essential element of a non-movant's case renders all other facts immaterial, and there can be no genuine issue of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and movant is entitled to judgment as a matter of law. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 884 (1990)

Under Texas law, for Merrill to establish a claim for specific performance he must, *inter alia*, show that he is a party to the contract he wants to enforce. Cf. Norris v. Housing Authority of the City of Galveston, 980 F.Supp. 885, 892 (Kent J., S.D. Tex. 1997) The only evidence of a contract submitted by the Parties is a "Real Estate Purchase Agreement" attached by Merrill to this original Complaint. The Parties specifically named in this Agreement are Fannie Mae, as seller, and Leviathan Enterprises Group, as purchaser. Even assuming, without finding, that this Agreement is valid and enforceable between the parties, Merrill is clearly not a named party to the agreement and he has offered no summary judgment proof he has standing to seek its enforcement. The existence of a valid contract between the parties is an essential element of a

specific performance cause of action. <u>Abraham Inv. Co. v. Payne Ranch, Inc.</u>, 968 S.W.2d 518, 527 (Tex. App. - - Amarillo, 1998, pet. denied)   In its absence all other facts become irrelevant and Fannie Mae is entitled to judgment as a matter of law.

It is, therefore, the **RECOMMENDATION** of this Court that the converted Motion for Summary Judgment (Instrument no. 3) of Fannie Mae be **GRANTED** and that the claim of Plaintiff, Alvie Merrill, for specific performance against the Federal National Mortgage Association be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Plaintiff. Plaintiff **SHALL** have until **December 20, 2006**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   <u>The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas  77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file objections within the prescribed time shall bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____1st____ day of December, 2006.

John R. Froeschner
United States Magistrate Judge

3